IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3003-FL

| | | |
|---|---|---|
| CALVIN LEWIS DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DR. RICHARD O. BROADWELL, III, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) of defendant Dr. Richard O. Broadwell, III ("defendant") (DE # 17). Plaintiff did not respond to defendant's motion but did file a motion to stay (DE # 21). Defendant responded to plaintiff's motion. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants in part and denies in part defendant's motion to dismiss. Additionally, the court denies plaintiff's motion to stay.

**STATEMENT OF THE CASE**

On January 12, 2011, plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that defendant acted with deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution. Plaintiff also alleged a North Carolina State law claim for negligence. On August 29, 2011, defendant filed a motion to dismiss pursuant to Rule 12(b)(6), arguing that plaintiff failed to state a claim upon which relief may be granted. Defendant's motion also alleges that plaintiff submitted documents to this court in violation of N.C. Gen. Stat.

§ 84-4. Finally, defendant argues that plaintiff's requests for declaratory and injunctive relief are moot. Although plaintiff did not respond to defendant's motion, plaintiff filed a motion to stay the proceedings until the negligence action he filed in North Carolina state court concludes. Defendant responded to plaintiff's motion to stay.

## STATEMENT OF FACTS

Plaintiff alleges the following. On April 27, 2010, while plaintiff was incarcerated at Pamlico Correctional Institution ("Pamlico"), he injured his achilles tendon while playing basketball. Plaintiff then was transported to the hospital, and an orthopedic specialist performed surgery to repair his achilles tendon. Post surgery, the orthopedic specialist ordered that plaintiff have physical therapy and "medical shoes." Plaintiff states that defendant, a physician allegedly under contract with North Carolina Department of Corrections, failed to execute the orthopedic specialist's order, causing plaintiff "needless pain."

## DISCUSSION

A.   Motion to Dismiss

   1.   Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but

2

does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

2. Analysis

    a. Eighth Amendment Claim

Plaintiff alleges defendant acted with deliberate indifference to his serious medical needs. "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious' "–and the second prong is subjective–the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' " See Strickler, 989 F.2d at 1379 (quotations omitted).

The court begins with the objective prong of the Eighth Amendment test. "[F]or prison conditions to rise to the level of unconstitutional punishment, there must be [objective] evidence of a serious medical and emotional deterioration attributable to the challenged condition." Strickler, 989 F.2d at 1380. In this case, plaintiff alleges that defendant's failure to provide physical therapy

3

and appropriate footwear caused him "needless pain." At this stage in the proceedings, the court finds plaintiff's allegations sufficient to satisfy the objective prong of the Eighth Amendment test.

The court next considers the second prong of the Eighth Amendment test–whether defendant acted with deliberate indifference to plaintiff's serious medical needs. "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). Mere negligence or malpractice in diagnosis or treatment does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998).

Plaintiff alleges that defendant failed to execute his orthopedic surgeon's post-operative instructions, resulting in "needless pain." Defendant, however, contends that plaintiff attached documents to his complaint, in the form of staff responses to his grievances, which establish that he did not violate plaintiff's constitutional rights. In particular, defendant relies upon a November 24, 2010, grievance response which states that plaintiff's orthopedic surgeon "did not order or recommend a follow up with the Camp MD or physical therapy." Compl. Attach. These grievance responses are not sufficient evidence to dismiss plaintiff's Eighth Amendment claim. While the court may rely upon medical affidavits and prison medical records, grievance responses do not carry the same evidentiary weight. See Stanley v. Hejirika, 134 F.3d 629, 637 (4th Cir. 1998); Bennett v. Reed, 534 F. Supp. 83, 86 (E.D.N.C. 1981), aff'd, 676 F.2d 690 (4th Cir. 1982). No medical records or affidavits are before the court. Accordingly, the court finds that plaintiff's allegation that

4

defendant refused to follow the orthopedic surgeon's post-operative instructions satisfies the subjective prong of the Eighth Amendment test. Because plaintiff has made allegations in support of both the objective and subjective prongs of the Eighth Amendment test, the court finds that he has adequately stated an Eighth Amendment claim.

      b.      Supervisor Liability

Defendant alleges that plaintiff failed to state a claim for supervisor liability against him. A supervisor may be liable for the actions of a subordinate if:

    (1)    the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;

    (2)    the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and

    (3)    there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).

In support of his claim, plaintiff generally alleges that defendant has "supervisory authority over Department of Correction nurses and physician's assistants, who were subject to his orders." Compl. p. 4. Plaintiff, however, provides no facts, aside from this conclusory allegations, to support a claim for supervisor liability against defendant. Conclusory allegations are insufficient to state a constitutional claim. White v. White, 886 F.2d 721, 723 (4th Cir. 1989). Thus, plaintiff failed to state a supervisor liability claim against defendant, and the court DISMISSES this claim.

5

c. Negligence Claim

Defendant moves to dismiss plaintiff's state law negligence claim because plaintiff failed to state a claim upon which relief may be granted. North Carolina imposes substantive legal requirements that a person must follow to pursue a medical malpractice claim. See N.C. R. Civ. P. 9(j). Under North Carolina Rule of Civil Procedure 9(j), a plaintiff's medical malpractice complaint must assert that the medical care has been reviewed by a person who is reasonably expected to qualify (or whom the plaintiff will move to qualify) as an expert witness and who is willing to testify that the medical care received by the plaintiff did not comply with the applicable standard of care. See N.C. R. Civ. P. 9(j)(1), (2); see, e.g., Frazier v. Angel Med. Ctr., 308 F. Supp. 2d 671, 676 (W.D.N.C. 2004); Moore v. Pitt County Mem'l Hosp., 139 F. Supp. 2d 712, 713 (E.D.N.C. 2001); Acosta v. Byrum, 180 N.C. App. 562, 572, 638 S.E.2d 246, 253 (2006). Alternatively, the complaint must allege facts establishing negligence under the common-law doctrine of *res ipsa loquitur*. See N.C. R. Civ. P. 9j(3). Failure to comply with Rule 9(j) is grounds for dismissal of a state medical malpractice claim brought in federal court. See, e.g., Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 649 (M.D.N.C. 2004); Frazier, 308 F. Supp. 2d at 676–77; Moore, 139 F. Supp. 2d at 713.

Plaintiff's complaint fails to allege that he obtained certification from an expert willing to testify that his treating medical personnel did not comply with the applicable standard of care. Further, the doctrine of *res ipsa loquitur* "is allowed only when the occurrence clearly speaks for itself." Diehl v. Koffer, 140 N.C. App. 375, 378, 536 S.E.2d 359, 362 (2000); see, e.g., Tice v. Hall, 310 N.C. 589, 593, 313 S.E.2d 565, 567 (1984) (surgical sponge left in patient's body). Here, plaintiff has not plead the doctrine of *res ipsa loquitur*. Moreover, a jury would be unable to

6

determine, in the absence of expert testimony, whether plaintiff's alleged pain was caused by defendant's alleged negligence or the common side effects of his achilles tendon surgery. See e.g., Cartrette v. Duke University Medical Center, 189 N.C. App. 403, *4 (2008). Accordingly, plaintiff has not alleged facts sufficient to establish negligence under the common-law doctrine of *res ipsa loquitur*. Thus, plaintiff fails to meet the requirements of Rule 9(j), and his negligence claim is DISMISSED without prejudice.

d. Declaratory and Injunctive Relief

Defendant argues that plaintiff's claim for declaratory and injunctive relief is moot because plaintiff has been transferred from Pamlico, where he received the alleged inadequate medical care, to Caledonia Correctional Institution. Generally, an inmate's transfer or release from a particular prison moots his claims for injunctive or declaratory relief with respect to his incarceration there. See Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007); see also, Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has not alleged otherwise. Thus, plaintiff's claims for declaratory and injunctive relief are DISMISSED as moot.

e. Punitive Damages

Defendant argues that plaintiff's claims do not support an award of punitive damages. Punitive damages may be awarded in a § 1983 action under appropriate circumstances to punish violations of constitutional rights. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 267-268 (1981). Punitive damages may be awarded for "conduct that involves 'reckless or callous indifference to the federally protected rights of others,' as well as for conduct motivated by evil intent." Cooper v. Dyke, 814 F.2d 941, 948 (4th Cir. 1987) (quoting Smith v. Wade, 461 U.S. 30, 56 (1983)). The Fourth Circuit has determined that the callous indifference required for punitive

damages is the same as the deliberate indifference required for a finding of liability in a § 1983 claim. Cooper, 814 F.2d at 948. Plaintiff alleges deliberate indifference in this case. Thus, he has sufficiently plead a claim for punitive damages, and defendant's motion to dismiss plaintiff's claim for punitive damages is DENIED.

    f. Violation of N.C. Gen. Stat. § 84.4

Defendant alleges that plaintiff's *pro se* complaint violates N.C. Gen. Stat. § 84.4 because it was drafted by someone other than plaintiff. N.C. Gen. Stat. § 84.4 prohibits a non-attorney from appearing on behalf of a party other than himself in a judicial action or proceeding. Here, defendant asserts that the complaints in three other actions against defendant contain identical handwriting and nearly identical content. See Vann v. Broadwell, No. 5:11-CT-3040-FL (E.D.N.C. Feb. 24, 2011); Lewis v. Broadwell, No. 5:11-CT-3141-F (E.D.N.C. Aug. 3, 2011); Jones v. Broadwell, No. 5:10-CT-3223-FL (E.D.N.C. Dec. 30, 2010). Defendant suspects that plaintiff's complaint was drafted by a "jail house lawyer." However, the United States Supreme Court has indicated that inmates may seek assistance from other inmates under some circumstances. See, Johnson v. Avery, 393 U.S. 483, 490 (1969) ("But unless and until the State provides some reasonable alternative to assist inmates in the preparation of petitions for post-conviction relief, it may not validly enforce a regulation such as that here in issue, barring inmates from furnishing such assistance to other prisoners."); Graham v. Hutto, 437 F. Supp. 118, 119 (E.D. Va. 1977), aff'd, 571 F.2d 575 (4th Cir. 1978). Thus, defendant's motion to dismiss on this ground is DENIED.

B. Motion to Stay

Plaintiff requests that the court stay the proceedings to allow plaintiff the opportunity "to exhaust all remedies in pursuit of medical malpractice suit through state means." Plaintiff filed this

action pursuant to 42 U.S.C. § 1983. The Prisoner Litigation Reform Act ("PLRA") requires that an inmate exhaust available administrative remedies prior to filing a § 1983 action in federal court. 42 U.S.C. § 1997e(a). The North Carolina Department of Correction ("DOC") has a three step administrative remedy procedure which governs the filing of grievances. See, e.g., Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008); Goulette v. Warren, No. 3:06CV235-1-MU, 2006 WL 1582386 (W.D.N.C. June 1, 2006). The DOC's administrative remedy procedure does not require that an inmate exhaust his administrative remedies before the North Carolina Industrial Commission before filing an action. Thus, plaintiff's motion to stay is DENIED.

## CONCLUSION

Based upon the foregoing, defendant's motion to dismiss (DE # 17) is GRANTED in part and DENIED in part. Defendant's motion is GRANTED as to plaintiff's negligence claim as well as to his request for declaratory and injunctive relief, and these claims are DISMISSED without prejudice. Defendant's motion also is GRANTED as to plaintiff's supervisor liability claim. Defendant's motion is DENIED as to plaintiff's remaining claims. Finally, plaintiff's motion to stay (DE # 21) is DENIED. The Clerk of Court is DIRECTED to issue an initial order.

SO ORDERED, this the 15th day of February, 2012.

LOUISE W. FLANAGAN
United States District Judge