IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3003-FL

| | | |
|---|---|---|
| CALVIN LEWIS DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DR. RICHARD O. BROADWELL, III, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant Dr. Richard O. Broadwell's second motion to dismiss (DE # 26) pursuant to Federal Rule of Civil Procedure 12(b)(6), motion for a protective order (DE # 28), and motion for reconsideration (DE # 38). Also before the court is plaintiff's motion to appoint counsel (DE # 36). Plaintiff responded to defendant's motion to dismiss and motion for reconsideration, but did not respond to defendant's motion for a protective order. Defendant did not respond to plaintiff's motion to appoint counsel. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court denies plaintiff's motion to appoint counsel, but grants defendant's second motion to dismiss and motion for a protective order. The court denies as moot defendant's motion for reconsideration.

## BACKGROUND

Plaintiff alleges that, on April 27, 2010, he injured his achilles tendon while playing basketball at Pamlico Correctional Institution ("Pamlico"). Plaintiff states that an orthopedic specialist performed surgery to repair his achilles tendon, and ordered him to have physical therapy and "medical shoes." Compl. p. 4. Plaintiff alleges that "there [was] no follow-up medical

treatment for physical therapy as ordered by the Doctors at the Hospital or from the Orthopedic consultation at the hospital." Id. Plaintiff subsequently informed the court that he was participating in physical therapy and other care for his achilles tendon. Pl.'s July 10, 2012 letter (DE # 43). Plaintiff further states that defendant, a physician allegedly under contract with North Carolina Department of Corrections, failed "to furnish two days of professional service each week in [sic] to provide emergency on-call orthopedic services twenty-four hours per day." Compl. p. 4. Plaintiff requests "specialized treatment for needless pain." Id. Based upon these facts, plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that defendant acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. Plaintiff also alleged a North Carolina state law claim for negligence.

Defendant subsequently filed a motion to dismiss plaintiff's action pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. On February 15, 2012, the court entered an order dismissing plaintiff's state law negligence and supervisor liability claims. The court also denied as moot plaintiff's request for declaratory and injunctive relief. Finally, the court denied defendant's motion to dismiss plaintiff's Eighth Amendment claim.

On March 8, 2012, defendant filed a second motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) and a motion for a protective order. Plaintiff subsequently filed a motion to appoint counsel, and defendant filed a motion for reconsideration of the court's February 15, 2012 order.

**DISCUSSION**

A.      Motion to Appoint Counsel

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

B.      Motion for A Protective Order

Defendant seeks a protective order prohibiting any discovery until after a determination as to his qualified immunity has been made. The defense of qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); see also, Lescs v. Martinsburg Police Dep't, 138 F. App'x 562, 564 (4th Cir. 2005) (per curiam) (holding that the district court was required to rule on defendant's dispositive motion raising qualified immunity issues prior to allowing discovery). In Mitchell, the Court observed that "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant

3

pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell, 472 U.S. at 526. Because defendant raised the defense of qualified immunity and asserts that plaintiff failed to allege a constitutional violation, he is entitled to a resolution of the issue prior to being subject to the burdens of litigation, including discovery. Accordingly, the court GRANTS defendant's motion for a protective order.

C.   Motion to Dismiss

   1.   Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

2. Analysis

   a. Eighth Amendment Claim

Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects government officials "where the law is unsettled or murky." Rogers v. Pendleton, 249 F.3d 279, 286 (4th Cir. 2001). The test is whether the act was clearly forbidden, not whether in hindsight the action was wrongful. Id. at 286. The Fourth Circuit has recognized a two-pronged qualified immunity inquiry:

> First, we must decide whether a constitutional right would have been violated on the facts alleged. Next, assuming that the violation of the right is established, courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right.

Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003) (internal quotations omitted). With respect to the second step, "[t]he relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was lawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001), receded from by, Pearson v. Callahan, 555 U.S. 223 (2009). A court has discretion to decide which step of the two-prong test to analyze first. Pearson, 555 U.S. at 242.

The court first determines whether defendant violated plaintiff's Eighth Amendment rights. "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" Strickler v. Waters, 989 F.2d

5

1375, 1379 (4th Cir. 1993) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The Supreme Court has explained that the first prong is an objective one – the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious' " – and the second prong is subjective – the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' " Strickler, 989 F.2d at 1379 (quotations omitted).

The court focuses its inquiry on the subjective prong of the Eighth Amendment test, – that is, whether defendant knew of and disregarded an excessive risk to plaintiff's health or safety. "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). Mere negligence or malpractice in diagnosis or treatment does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998).

The allegations in plaintiff's complaint and July 10, 2012, letter, reflect that plaintiff received medical care, including some physical therapy, following his surgery on his achilles tendon. Plaintiff, however, alleges that defendant should have provided "follow-up medical treatment for physical therapy as ordered by the Doctors at the Hospital," and more extensive medical care consisting of "two days of professional service" and "emergency on call services per day." Compl. p. 4. These allegations reflect a disagreement between medical professionals as to the appropriate course and manner of treatment. Such a disagreement does not constitute deliberate indifference in violation of the Eighth Amendment. See, e.g., Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985);

6

Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977). Moreover, the fact that defendant's treatment of plaintiff was not effective does not give rise to a constitutional violation. See, e.g., Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). Finally, plaintiff has not alleged that defendant subjectively recognized that defendant's treatment of his condition would cause harm. Based upon the foregoing, the court finds that plaintiff failed to satisfy the first prong of the qualified immunity test because he failed to allege an Eighth Amendment violation.

Even if plaintiff could establish a constitutional violation, he still would not be entitled to relief because he is unable to satisfy the second prong of the qualified immunity test – whether it would be clear to an objectively reasonable officer that his conduct violated the Eighth Amendment. As stated, plaintiff's allegations reflect that he received post-operative care for his achilles tendon. A reasonable physician would not determine that exercising his/her judgment with respect to the treatment of plaintiff's alleged injury would violate the Eighth Amendment. See Breeden v. Aylor, No. 7:12-cv-283, 2012 WL 4460489, at * 3 (W.D. Va. July 3, 2012) (finding disagreement among physicians as to treatment does not constitute deliberate indifference) (citing Wright, 766 F.2d at 849); Bowman v. Johnson, No. 3:08-CV-449, 2010 WL 3835066, at *7 (E.D. Va. Sept. 24, 2010) (finding difference of opinion among physicians as to the necessity of physical therapy did not constitute deliberate indifference). Thus, plaintiff also fails to satisfy the second prong of the qualified immunity test.

## CONCLUSION

Based upon the foregoing, defendant's second motion to dismiss (DE # 26) and motion for a protective order (DE # 28) are GRANTED. Finally, plaintiff's motion to appoint counsel

7

(DE # 36) is DENIED, and defendant's motion for reconsideration (DE # 38) is DENIED as moot.

The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 11th day of January, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge